Date signed January 03, 2008



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

IN RE:          :
                :
GREENBELT CT IMAGING    :   Case No. 07-18958PM
CENTER, LLC             :   Chapter 11
                :
    Debtor      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - :

### MEMORANDUM OF DECISION

On October 30, 2007, the Debtor filed an Application for Order Authorizing Retention of Grossberg Company LLP as Accountant, *Nunc Pro Tunc*. The Application was opposed by the office of the United States Trustee and by Debtor's principal secured creditor, General Electric Capital Corporation.

Two grounds were cited in opposition to the Application. The first is that Grossberg Company LLC ("Grossberg") has a disqualifying financial interest in a prepetition creditor of the Debtor, namely, that it holds a 25% interest in a joint venture, Grossberg/MPS Company, an entity providing various valuation services that performed services for the Debtor prepetition and did not receive payment prior to filing. This claim is said to amount to $18,000.00, so Grossberg's ownership interest in that claim amounts to $4,500.00. For the purpose of this decision, the court will assume but not decide that this fact has no impact upon the court's decision whether Grossberg is a disinterested person as defined by § 101(14)(A) of the Bankruptcy Code in that it is not a direct creditor of the Debtor. This does not end the present dispute.

Section 327(a) of the Bankruptcy Code provides:

**11 U.S.C. § 327.  Employment of professional persons**

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Grossbert clearly has an adverse interest to the bankruptcy estate in that it is subject to an avoidance action under § 547(a) of the Bankruptcy Code of a transfer of $25,900.00 made after the filing of this bankruptcy case on September 16, 2007.  As demonstrated by the U.S. Trustee's Exhibit No. 2, the check given by the Debtor to Grossberg on September 14, 2007, cleared Debtor's bank September 18, 2007, two days after the filing of this case.  Under the rule found in *Barnhill v. Johnson*, 503 U.S. 393 (1992), a transfer made by check is deemed to occur on the date the check is honored, not the date of the payee's receipt of the check as had been the rule of decision in the Fourth Circuit.  *Quinn Wholesale, Inc. v. Northen*, 873 F.2d 77 (CA4 1989).  In addition, as shown in the package of invoices from Grossberg to the Debtor admitted into evidence as U.S. Trustee's Exhibit No. 1, Grossberg is a likely target of a preference action on account of a payment made July 21, 2007.  As the target of avoidance actions, Grossberg falls squarely within the prohibition of employment of parties having an interest adverse to the estate.

Because of Grossberg's prior experience with the Debtor, it is unfortunate that it cannot be called upon to do the accounting required by Debtor.  Debtor will incur needless expense and duplication of services in order to bring another accountant up to the level that Grossberg is with respect to handling Debtor's affairs.  Unlike attorneys, the Debtor in Possession cannot employ Grossberg for a specified special purpose under § 327(e) of the Bankruptcy Code.

An appropriate order will be entered.

cc:
Karen H. Moore, Esq., Paley Rothman, 4800 Hamden Lane, Bethesda, MD 20814
Lawrence Rosenblum, DPA, Grossberg Company LLP, 6500 Rock Spring Drive, #200,
    Bethesda, MD 20817
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
David B. Tatge, Esq., Epstein Becker, 1227 25th Street, N.W., Washington, DC  20037

**End of Memorandum**